### MARTIN & SHORE vs. MILAM.

Under the act of 1835, an appeal would not lie from the decision of the county court on a *sci. fa.*, issued against the sureties of an administrator, for his failure to pay a judgment against him as such administrator.

### ERROR to Washington Circuit Court.

JOHNSON, *for Plaintiffs.*

1. This is not a case where an appeal will lie from the county to the circuit court. Rev.

Statute 1835, sec. 1, art. 8, p. 63. As a legislative construction of the statute of 1835, see revisal of 1845, p. 106. A motion to dismiss for want of jurisdiction of the subject matter, will lie at any time. Latham vs. Edgerton, 9 Cow., 229; 6 Cow., 585, 592, 593; 4 Cow., 540; Washburn's Dig., p. 611.

2. The judgment of the county court could not be legally admitted in evidence, because it did not appear to be classed by the court as required by law. Statute 1835, title "Administration," sec. 19, art. 4. It is submitted, that the records of the court, kept by its clerk, under its superintendence, are the only evidence of its acts. The book of abstracts is made out by the clerk in vacation, and is not evidence of the acts of the court. Admin., art. 4, sec. 18, Stat. 1835. In every judgment, the ordinary circumstances of time and place, the parties, the subject matter, and the result, must appear. Ordinary vs. McClure, 1 Bailey's R., p. 7. Here the result (the classification) does not appear.

3. The court should have admitted the original transcript for the purpose of showing that the judgment is for $307 93, instead of $91 69. The filing is alledged with a *prout patet per recordam,* and its existence is denied by plea; the plaintiff is therefore held to strict proof, and a variance is fatal. Toof vs. Bentley & Harris, 5 Wend., 276; 2 Phil. Ev., p. 522; 3 Wash. C. C. Rep. p. 31. In Bibbins vs. Noxon, 4 Wend., 207, there was only a variance of six cents, and it was fatal.—Pelie vs. Mollere, 2 Mar. Rep., 666.

4. The court should not have rejected the settlement of the administrators and the testimony of the witness in connection. The securities are not bound by reason of the mistake in pleading of the administrators. "Administration," art. 7, sec. 9, p. 62, Stat. 1835. And,

5. In like manner, the settlement of the administrators at the February term, 1846, and the transcripts and the records and proceedings of other cases still pending, because they accounted for all the assets that had come to their hands, and the securities of the administrator cannot be charged beyond the assets. Stat. 1835, title Admin., art. 7, sec. 9.

FRISSELL, *for Defendant.*

There can be no doubt that the Circuit Court has jurisdiction both of the persons of the parties and the subject matter in controversy. The only doubt is as to the manner in which they acquired jurisdiction or the mode of bringing the cause before them.

It is contended that the motion to dismiss for the want of jurisdiction came too late after a trial in the Circuit Court. If available at all, the motion should have been made even before the question of error in the county court had been argued in the circuit court. The maxim, "consent does not give jurisdiction," applies to cases where either the court has not jurisdiction of the persons of the litigants or the subject matter in controversy—not to cases where the court has jurisdiction of both. Consent may well be inferred from the circumstances. Digest of 1835, p. 23, 155, 63, 156; 4 Cow., 82.

SCOTT, J., *delivered the opinion of the Court.*

Milam obtained a judgment in the County Court against Mary Swan and B. H. Hinkson, administrators of John Swan, deceased. Not obtaining satisfaction of his judgment, he, under the 14th section of the 5th article of the administration law, sued out a *scire facias* against the plaintiffs in error, who were the sureties of Swan and Hinkson, the administratrix and administrator. In a trial on the *scire facias,* judgment want

against Milam, from which he appealed to the Circuit Court. In the Circuit Court, the judgment of the County Court was reversed and Milam obtained judgment, on which this writ of error is sued out.

Under this state of facts, the question arises whether an appeal, by the administration law of 1835, lay on the judgment on the *scire facias* from the County to the Circuit Court. Upon an examination of the statute of 1835, it will be found that it carefully enumerates all the cases in which appeals in a course of administration may be taken from the County to the Circuit Court, and it provides that, in all cases not enumerated, the judgment of the County Court shall be final. This is a proceeding not enumerated as one in which an appeal will lie. There is no hardship in this on Milam; he had two remedies—one by action on the bond, and the other by *scire facias* against the securities. In the one, he might have had the proceedings revised—in the other, he could not; if he adopted that in which he was deprived of an appeal, he cannot now complain. The act of 1835 is changed by the late revision in regard to cases in which appeals will lie from the County to the Circuit Court in administrations.

There was another question of some importance in this case, in relation to which we refrain from an expression of opinion, as the court was not full when it was argued.

Judge NAPTON concurring, the judgment will be reversed.